UNITED STATES, Appellee

v

WILLIAM S. HALIBURTON, Fireman Recruit,
U. S. Naval Reserve, Appellant

9 USCMA 694, 26 CMR 474

No. 11,297

Decided October 3, 1958

*Major R. D. Humphreys*, USMC, was on the brief for Appellant, Accused.

*Major George M. Lilly*, USMCR, was on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was convicted by general court-martial of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and of escape from confinement, in violation of Article 95, Uniform Code, supra, 10 USC § 895. He was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for two years. The board of review reduced the period of confinement to eighteen months, but otherwise approved the findings and sentence. The question before us is whether the charges involve multiplicity.

The first specification alleging desertion states that accused, without proper authority and with intent to remain away permanently, absented himself from his place of duty, to wit: the U. S. Naval Base Brig at Norfolk, Virginia, on or about February 15, 1957. The second specification alleges escape from lawful confinement in the aforementioned brig on or about the same date. The offenses therefore appear to have had their inception in the same act or transaction.

In light of our holdings in United States v Posnick, 8 USCMA 201, 24 CMR 11; United States v Modesett, 9 USCMA 152, 25 CMR 414, and a num-

ber of subsequent cases, the prevailing rule of this Court is that offenses arising out of the same transaction are not separate for punishment purposes if the proof sufficient for one offense will also prove the other. In this instance it will not.

To prove the crime of desertion the Government was required to prove an unauthorized absence coupled with an intent on the part of the accused initially or at some time during his absence to remain away permanently. Conviction of escape from confinement demands proof that the accused was duly placed in confinement and that he freed himself from the restraint of his confinement before being set at liberty by proper authority.

Applying the aforementioned rule as a yardstick to the instant case, we have no difficulty in concluding the offenses charged were separate and in no sense multiplicious. Quite obviously, proof of desertion is insufficient to prove the elements of escape. Desertion can be, and frequently is, from a place other than one of confinement. On the other hand, proof of escape does not prove the specific intent requisite for desertion. This intent to remain away permanently need not even be formed in the mind

**695**

of the accused at the moment of departure or escape. See United States v Boswell, 8 USCMA 145, at 148, 23 CMR 369, where in reference to escape from confinement we stated: "While such evidence bears upon the accused's intent to absent himself or remain away without authority . . . , it is not an integral part of the general proof required for desertion." Consequently, proof of either charge here was insufficient to prove the other.

This Court has held in several cases that charges of absence without leave and escape from confinement are not separately punishable where the evidence of escape proved the unauthorized absence. United States v Welch, 9 USCMA 255, 26 CMR 35. Suffice it to say the present case is distinguished by the specific intent necessary for desertion.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.