UNITED STATES, Appellee

v

THEODORE C. GRANGER, Seaman Apprentice,
U. S. Navy, Appellant

9 USCMA 719, 26 CMR 499

No. 11,382

Decided October 3, 1958

*Ensign David M. Clinard* argued the cause for Appellant, Accused.

*Commander Louis L. Milano* argued the cause for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This accused seems to have formed a dislike for the Naval service, and he set upon a course of conduct which culminated in a series of offenses. As a result, he was charged with and convicted of eight violations of the Uniform Code of Military Justice. He

pleaded guilty to all except three alleging desertions. Intermediate reviewing authorities reduced the period of confinement imposed by the court-martial, but otherwise affirmed. This Court granted review of five issues, largely relating to multiplicity, which will be subsequently detailed.

On April 29, 1957, the accused completed a term of confinement at the U. S. Naval Retraining Command, Portsmouth, New Hampshire, imposed for a prior absence without leave. Upon his release, he was issued transfer orders directing him to report to the U. S. Naval Receiving Station, Boston, Massachusetts, not later than twelve midnight of the same date. He reached Boston but failed to comply with his orders, and was jailed by the local authorities for creating a disturbance. At 9:00 o'clock on the morning of April 30, 1957, he was delivered to the U. S. Naval Receiving Station in Boston and then restricted to the station. On the following morning, he left the restricted area and sometime thereafter arrived in New York where he obtained employment as a construction worker. On July 10, 1957, he was apprehended by civil authorities, charged with vagrancy, and released to Naval custody when his military status was discovered. While being taken to the U. S. Naval Receiving Station, Brooklyn, New York, he escaped from custody and remained at large for about eleven and one-half hours, at which time he was apprehended by agents of the Federal Bureau of Investigation in a New York movie theater. This last apprehension resulted in confinement in the Third Naval District brig until August 3, 1957, on which date he escaped. Unauthorized absence continued to August 16, 1957, when he was again apprehended by the Federal Bureau of Investigation and returned to Naval control.

Charge I alleges a violation of Article 92, Uniform Code of Military Justice, 10 USC § 892, in that the accused failed to obey the order directing him to report to the U. S. Naval Receiving Station, Boston, Massachusetts, no later than 12:00 midnight, April 29, 1957. Charge II alleges a violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, arising from accused's absence without proper authority from the Receiving Station in Boston from 12:00 midnight, April 29, 1957, until 9:00 a.m. of April 30, 1957.

Appellate defense counsel, under the first granted issue, contends that the two above-stated charges are multiplicious. In light of the majority holding in United States v Posnick, 8 USCMA 201, 24 CMR 11, and United States v Modesett, 9 USCMA 152, 25 CMR 414, the contention is well taken. It is apparent from the holding in the case at bar that United States v Larney, 2 USCMA 563, 10 CMR 61, is overruled because there, in a situation indistinguishable from the instant case, we found no multiplicity.

Despite the multiplicious nature of these charges, however, we find no prejudice to the accused. The law officer instructed the court that the maximum period of confinement for all the charges upon which the accused was convicted was eleven years and eight months. Conceding multiplicity in these two offenses, the maximum period is eleven years and seven months. Accused was sentenced to confinement for five years, and this term was reduced by the convening authority to three years. Under such circumstances, the possibility of prejudice is de minimis. United States v Helfrick, 9 USCMA 221, 25 CMR 483.

The second specified issue concerns the question of multiplicity arising from the charges of breaking restriction and desertion, which stem from the same transaction. Charge III alleges that accused, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, breached restriction at the U. S. Naval Receiving Station, Boston, Massachusetts, at approximately 7:00 a.m. on May 1, 1957. Specification 1 of Charge IV alleges desertion in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, which had its inception at the same time and place.

Applying the rule of *Posnick* and *Modesett*, supra, and United States v

Haliburton, 9 USCMA 694, 26 CMR 474, that two charges originating out of one transaction may not be separately punished if the proof sufficient for one offense will also prove the other, we find no multiplicity here. Clearly, proof of desertion will not prove breach of restriction. Desertion does not necessarily originate in a place of restriction or confinement. On the other hand, proof of breaking restriction is insufficient to support a conviction for desertion. While proof of breaking out of confinement or breaching restriction may prove absence and lack of authority therefor, it cannot establish the requisite specific intent to remain away permanently necessary for desertion. See United States v Boswell, 8 USCMA 145, at 148, 23 CMR 369, where, in referring to escape from confinement, this Court stated, "While such evidence bears upon the accused's intent to absent himself or remain away without authority . . . , it is not an integral part of the general proof required for desertion." (Citation omitted.) We, therefore, hold that the charges of desertion and breach of restriction were not multiplicious.

The third and fourth issues concern the separability of charges of desertion and escape from lawful custody, and desertion and escape from confinement. The preceding discussion of the second issue is applicable here, and we find no multiplicity.

The fifth specified issue concerns the sufficiency of the staff legal officer's review. After summarizing the evidence, the legal officer advised the convening authority that "The court was warranted in making the findings in this case. The sentence adjudged is legal." Under the law of this Court, the review was legally insufficient. United States v Lane, 9 USCMA 369, 26 CMR 149.

Accordingly, the record of trial is returned to The Judge Advocate General of the Navy for further proceedings in conformity with Articles 61 and 64 of the Code, 10 USC §§ 861 and 864.

Chief Judge QUINN and Judge FERGUSON concur.