UNITED STATES, Appellee

v

JOHN T. REID, Airman Second Class, U. S. Air Force, Appellant

10 USCMA 71, 27 CMR 145

*Lieutenant Colonel Sam F. Carter* and *Captain Norman K. Hogue* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Captain Lawrence J. Gross* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of three violations of the Uniform Code of Military Justice and sentenced him to a bad-conduct discharge, partial forfeiture of pay and allowances, and confinement at hard labor for six months.

Under the Table of Maximum Punishments the offenses carry a maximum punishment of a bad-conduct discharge, total forfeitures, and confinement at hard labor for fifteen months. However, a special court-martial cannot impose a sentence which exceeds a bad-conduct discharge, partial forfeitures, and confinement at hard labor for six months. Article 19 Uniform Code of Military Justice, 10 USC § 819. No instructions on the limits of punishment were given to the court-martial. The board of review below determined that the omission constituted error. See United States v Turner, 9 USCMA 124, 25 CMR 386. But it concluded the accused was not prejudiced.

The board of review reasoned that the sentence actually imposed on the accused "took into consideration the accused's class 'Q' allotment" and otherwise indicated the court-martial was "well aware" of its sentence limitations under the Uniform Code. From these circumstances the board of review concluded the court-martial used "maximum punishment criteria" which did not exceed that "authorized." We agree with this conclusion and we, therefore, affirm the decision of the board of review.

**72**

LATIMER, Judge (concurring):

I concur with the Chief Judge, but deem it advisable to invite attention to the following additional matters which demonstrate the absence of any reason to disturb the decision of the board of review.

In United States v Turner, 9 USCMA 124, 25 CMR 386, the Court, in an advisory opinion, notified the military services that the president of a special court-martial must advise the members of the court on the maximum imposable punishment. The opinion did not, however, suggest the necessity of so instructing when the maximum limits exceeded the jurisdictional ceiling of the court, and there is very little reason for requiring such advice when that condition prevails.

It is fundamental that we should not speculate away the basic rights of an accused, but this does not require that we presume abysmal ignorance of the law on the part of members of a court. While they could not be expected to know the maximum limitations on all offenses as prescribed by the President, it can be categorically stated they are required to know the maximum penal limits of the inferior courts. In this instance, however, there is no need to theorize on knowledge, for this court-martial removed this case from the field of conjecture. The accused could have been confined for fifteen months and suffered forfeitures for the same period of time, yet, significantly enough, the sentence was fitted precisely to the maximum jurisdiction of the court.

That is, the accused was sentenced to a bad-conduct discharge, and confinement and forfeitures for six months—the latter portion of the punishment, as the Chief Judge points out, having taken into consideration accused's Class "Q" allotment. Certainly those exact jurisdictional limits of the court were not reached by uniformed members. But, going one step further and assuming they operated in an unenlightened area, the matter is of no concern to this Court, for the board of review in its decision, after expressly recognizing the error, went on to hold that the sentence was in all respects both "adequate and appropriate." It would be absurd to return the record for the board merely to duplicate an act already accomplished. Manifestly then, since accused's sentence has been reassessed by the board of review in light of the error, no further action is required. United States v Peters, 8 USCMA 520, 25 CMR 24; United States v Reiner, 8 USCMA 101, 23 CMR 325; United States v Crusoe, 3 USCMA 793, 14 CMR 211. See also, United States v Parker, 8 USCMA 704, 25 CMR 208, where this Court unanimously held that, although the sentence imposed by the special court-martial exceeded its jurisdictional limitation, the error was cured when the sentence was reduced within legal limits on review.

Ferguson, Judge (dissenting):

I dissent.

This is a special court-martial case tried subsequent to our decision in United States v Turner, 9 USCMA 124, 25 CMR 386. There we said:

". . . [I]n order that there be no misunderstanding as to the future, we now hold that the law officer of a general court-martial and the president of a special court-martial *must* advise the members in open court on the maximum permissible limits of punishment prior to deliberation on the sentence. *Only in this manner can we satisfy ourselves that the sentence adjudged by a court has been based upon correct limitations.*" [Emphasis supplied.]

In the instant case the accused plead-ed guilty to dereliction of duty, assault, and being drunk and disorderly, in violation of Articles 92, 128 and 134, Uniform Code of Military Justice, 10 USC §§ 892, 928 and 934, respectively. He was sentenced by the special court-martial to a bad-conduct discharge, forfeiture of $35.00 per month for six months, and confinement at hard labor for six months. The president gave no instructions on the maximum sentence.

The Government argues that, even though the failure to instruct on the maximum sentence is error, this accused was not prejudiced because the court-martial must be presumed to know its maximum jurisdictional limits and since the maximum permissible punishment here would otherwise have exceeded those limits, its jurisdictional maximum is the maximum that may be imposed. I am unwilling to presume that the members of a court-martial know the law. See United States v Clay, 1 USCMA 74, 1 CMR 74, and United States v Keith, 1 USCMA 442, 4 CMR 34. It is the duty of the law officer of a general court-martial and the president of a special court-martial to properly advise them on the law. Where, as here, he fails to do so, there is a fair chance that any understanding of the law the court members may have had might not be a correct one. I am unwilling to sanction any view which would have the effect of dispensing with the required instructions on maximum sentence in special court-martial cases where the maximum sentence, as set forth in the Table of Maximum Punishments (paragraph 127c, Manual for Courts-Martial, United States, 1951), exceeds the jurisdictional limits of the special court-martial. This Court has no way of knowing what sentence would have been imposed had the court-martial received proper instructions on the sentence. We do not know whether the members of the court-martial adjudged what they did because they were aware of their jurisdictional maximum and knew that the maximum permissible punishment exceeded such limits, or whether they simply considered the sentence adjudged to be an appropriate one. We have no

way of knowing whether they believed each offense carried, for example, a five-year penalty and were being lenient with the accused, or whether advice as to the proper maximum would have caused them to impose a sentence less than their jurisdictional maximum.

Where dealing with such important rights of an accused, I prefer not to enter the realm of conjecture and speculation. Further, the great need for certainty and definiteness in the criminal law convinces me that when this Court has established a rule which is definite and workable, we should not whittle it away and make it indefinite and uncertain and thereby render it difficult or impossible for those who must work with the rule to understand and properly apply it.

I would find prejudice and return the record for reassessment of sentence by a board of review.