UNITED STATES, Appellee

v

DONALD RAY SPIVA, Seaman,
U. S. Navy, Appellant

10 USCMA 307, 27 CMR 381

No. 12,447

Decided March 27, 1959

*Major E. W. Johnson,* USMC, was on the brief for Appellant, Accused.
*Commander Craig McKee,* USN, and *Major Ted H. Collins,* USMC, were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of dereliction of duty as a security sentry and larceny of a boat propeller of a value of $200.00, in violation, respectively, of Articles 92 and 121, Uniform Code of Military Justice, 10 USC §§ 892, 921. Although the Table of Maximum Punishments for these offenses carries confinement for five and one-half years, a special court-martial cannot impose confinement in excess of six months. Article 19, Uniform Code, supra, 10 USC § 819. However, the president of the court, without objection by either trial or defense counsel, neither of whom was a lawyer, instructed the court-martial that the maximum sentence included confinement at hard labor for nine months. This, of course, was error.

On reviewing the record of trial, the force legal officer of the supervisory general court-martial authority recommended that the findings of guilty of the dereliction of duty offense be set aside and that the confinement and forfeiture portions of the sentence be reduced from three to two months. The supervisory authority approved the recommendation as to the findings but held that the sentence "adjudged by the court and approved by the convening authority . . . is entirely appropriate . . . notwithstanding the disapproval of the findings of guilty as to Charge II." No mention was made of the instructional error. It is apparent from the review and the action that the supervisory authority determined the appropriateness of the sentence on the basis of the single remaining offense and the surrounding circumstances.

Several cases involving somewhat similar situations have been before us. Although a majority of the Court did not agree on the reasons, it concluded the error did not have a prejudicial effect upon the final sentence which the accused was required to serve. United States v Reid, 10 USCMA 71, 27 CMR 145; United States v Reiner, 8 USCMA 101, 23 CMR 325. Appellate defense counsel in this case concedes that, in view of the nature of the offense, the sentence adjudged by the court-martial, and the re-evaluation thereof by the supervisory authority, "any possibility of prejudice . . . is de minimus [sic]." We agree. See United States v Granger, 9 USCMA 719, 26 CMR 499; United States v Helfrick, 9 USCMA 221, 25 CMR 483. Accordingly, the decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

A majority of this Court seems to have adopted the principle that instructional errors on the maximum sentence can be cured by this Court weighing the facts and the nature of the crime of which the accused was convicted and if they believe the sentence proper they will affirm. I find no such authority given to this Court by Act of Congress. I have no way to determine what this court-martial would have assessed as a proper sentence had they been correctly instructed that the maximum confinement was six months rather than nine. The instruction given by the president of the special court-martial in this case lends support to my contention (see my dissent in United States v Reid, 10 USCMA 71, 27 CMR 145) that we should not presume or infer that courts-martial know the law. Clearly the president of this court-martial was not aware of the jurisdictional maximum of a special court-martial nor would it seem his colleagues were so aware, there being no correction of his ruling. This apparent error was not even commented upon until the case reached this Court. The president of a special court-martial or law officer of a general court-martial should give correct instructions on the

maximum sentence which may be imposed and if the court is one of limited jurisdiction, as special courts-martial are, they should be instructed on such limitation.

I, therefore, must dissent.