UNITED STATES, Appellee

v

WILLIAM R. HOFMILLER, Private, U. S. Marine Corps, Appellant

12 USCMA 479, 31 CMR 65

No. 15,398

October 20, 1961

*Commander Leo F. O'Brien*, USN, was on the brief for Appellant, Accused.

*Captain James W. Grant*, USN, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused stands convicted of failure to obey a lawful order restricting him to his battery area, in violation of Uniform Code of Military Justice, Article 92, 10 USC § 892. Intermediate appellate authorities have apparently and erroneously considered that the maximum punishment governing this offense is that for a violation of Code, supra, Article 92, rather than that prescribed for breach of restriction. See United States v Hammock, 8 USCMA 245, 24 CMR 55, and footnote 5, paragraph 127c, Manual for Courts-Martial, United States, 1951. Moreover, examination of the respective actions of the convening authority and the supervisory authority indicates that the latter may have extended the period of suspension of that portion of accused's sentence relating to bad-conduct discharge beyond that prescribed in the former's action. See United States v DeVore, 10 USCMA 375, 27 CMR 449.

The petition for review is granted and the decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy. The sentence shall be reassessed by the board of review. It will also take action to insure that the period of suspension of accused's sentence to bad-conduct discharge does not extend beyond completion of appellate review in this case or his release from confinement, whichever is the later date, unless such suspension is sooner vacated.