**UNITED STATES**

v.

**Glenn A. ROSE, 423 78 6303, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 78 1211.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 April 1978.

Decided 27 Dec. 1978.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

GRANGER, Judge:

Appellant was convicted by general court-martial of burglary, rape and sodomy. He was sentenced to confinement at hard labor for 10 years, forfeiture of $250 pay per month for 120 months, reduction to pay grade E–1, and separation with a bad-conduct discharge. The convening authority,

in accordance with a pretrial agreement, remitted confinement at hard labor in excess of 5 years.

At approximately 0230 one morning, appellant and another sailor, S, entered the women's barracks at an Air Force base in Italy. They went from door to door until they found one that was not locked. They entered the room, intending to rape any woman therein. S awakened the lone occupant, B, who was a woman petty officer in the Navy. Holding a replica of a pistol against her neck and threatening to blow her head off, S ordered B out of the upper bunk bed in which she had been sleeping and into the lower bed, where appellant raped her. S then sodomized B and thereafter had sexual intercourse with her. Appellant then had sexual intercourse with B once more.

Appellant pleaded guilty to the initial rape and to sodomy. During the presentence hearing, he objected to the evidence of the second and third acts of intercourse on the ground that they represented uncharged misconduct. Appellant now complains that the evidence went to the court members without a limiting instruction regarding uncharged misconduct.

■ The evidence of subsequent sexual acts was admissible to show aggravated circumstances of the crimes with which appellant was charged. Paragraph 75b (3), *Manual for Courts-Martial, United States, 1969* (Revised edition). Further, no limiting instruction would have been required even if this evidence had been presented during trial on the merits, because these were facts immediately related to the determination of guilt as to the charges successfully prosecuted. *United States v. James*, 5 M.J. 382 (C.M.A.1978). Finally, assuming that this evidence was uncharged misconduct that was admissible for a limited purpose on the merits, it was subject to no such limitation upon consideration during the presentence hearing, and no limiting instruction was appropriate. Paragraph 76a (2), *Manual for Courts-Martial, United States, 1969* (Revised edition); *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970).

Appellant's second assignment of error asserts that the three offenses were multiplicious for sentencing purposes, and that the military judge erred to appellant's prejudice when he failed to so instruct the members.

■ Where the facts are so integrated as to be, in effect, a single transaction or chain of events, charges emanating from those facts have been held to be multiplicious. *See United States v. Irving*, 3 M.J. 6 (C.M.A.1977). Offenses committed upon a "single impulse" also have been held to be essentially one offense for punishment. *See United States v. Weaver*, 20 U.S.C.M.A. 58, 42 C.M.R. 250 (1970). But *United States v. Irving, supra*, involved simultaneous drug offenses, and *Weaver* involved several offenses emanating from an escape from confinement. These are unique factual situations, and the holdings in those cases cannot be applied to all cases. *See United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971). The Court of Military Appeals has recognized that neither the "single integrated transaction" test or the "single impulse" test should be used as a talisman to overcome more penetrating analysis when there are clearly two or more distinct criminal acts that arose out of essentially one transaction or course of conduct. *United States v. Burney, supra; see United States v. Harrison*, 4 M.J. 332 (C.M.A.1978).

■ Thus, illegally entering with intent to commit a crime, and commission of the substantive crime itself are separately punishable. *See United States v. Weaver*, 18 U.S.C.M.A. 173, 39 C.M.R. 173 (1969), *United States v. Gibson*, 3 U.S.C.M.A. 746, 14 C.M.R. 164 (1954), *United States v. Jackson*, 5 M.J. 765 (A.C.M.R.1978), *United States v. Haltiwanger*, 50 C.M.R. 255 (A.F. C.M.R.1975). This Court reached the same conclusion in the unpublished case of *United States v. Kelso*, No. 77 2053 (N.C.M.R. 26 June 1978). Rape, and burglary with intent to commit rape are therefore separately punishable. Certainly, sodomy, and burglary with intent to commit rape are not multiplicious.

Similarly, the fact that various sexual offenses are committed during one encounter between the assailant(s) and the victim does not dictate that those offenses are multiplicious for sentencing purposes. *United States v. Ruggiero*, 1 M.J. 1089 (N.C. M.R.1977) (rape and indecent assault not multiplicious); *United States v. Carlton*, 40 C.M.R. 412 (A.B.R.1968) (sodomy and indecent act not multiplicious); *United States v. Burns*, 25 C.M.R. 791 (A.F.B.R.1957) (sodomy and indecent acts with a child not multiplicious); *United States v. Haas*, 22 C.M.R. 868 (A.F.B.R.1956) (sodomy and lewd acts not multiplicious).

In *United States v. Burney, supra*, the Court of Military Appeals stated that, "So long as there are separate offenses charged and found, regardless of the fact that they may arise out of the same transaction, sentence may be imposed for each offense." *Id.* at 74, 44 C.M.R. at 128. It becomes singularly apparent that the burglary, rape, and sodomy in this case were separate offenses when we apply the "societal norms" test enunciated in *United States v. Beene*, 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). Burglary is an offense against the habitation, rape is an offense against the person, and sodomy is an "offense against morals" or a "crime against nature." The essence of the crime of rape is not the fact of intercourse, but the injury and outrage to the modesty and feelings of the victim, by means of the carnal knowledge feloniously and forcibly inflicted. 65 Am.Jur.2d *Rape* § 1 (1972). Force and lack of consent are essential to conviction. Paragraph 199, *Manual for Courts-Martial, United States, 1969* (Revised edition). The essence of sodomy, on the other hand, is the aberrant sexual act itself, with or without consent or force. The thrust of laws proscribing sodomy is the prohibition of "abominable and detestable crimes against nature." *See* 2 R. Anderson, Wharton's Criminal Law and Procedure § 751 (1957). The essence of burglary is the violation of the sanctity of the dwelling. *Id.* § 406. Three more divergent societal norms would be difficult to find. The Congress, in enacting Articles 120, 125 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 929, established standards in each of these areas of conduct, adhering to norms which, in each instance, are rooted in the common law. The congressional aims would be thwarted, and historically-independent behavioral norms would be enervated, if a rapist could burglarize and commit unspeakable sex acts with no fear of additional punishment. We therefore find that appellant's offenses were not multiplicious.

Were it otherwise, however, no prejudice would have resulted because of perceived instructional errors. The military judge treated the offenses as being multiplicious, although he did not apprise the members of this conclusion. The members were instructed that the maximum punishment to which they could sentence appellant was confinement at hard labor for life, total forfeitures, reduction to pay grade E–1, and separation with a dishonorable discharge. Appellant could have been sentenced to this same punishment for the offense of rape, absent any other charges. An instruction that the members must consider appellant's crimes as a single offense would not have affected the maximum imposable punishment. Further, appellant was sentenced to punishment far less than this maximum limit. *See United States v. Granger*, 9 U.S.C.M.A. 719, 26 C.M.R. 499 (1958).

We find no merit to appellant's remaining assignment of error.

The findings and sentence as approved below are affirmed.

Senior Judge BAUM and Judge MICHEL concur.