UNITED STATES, Appellee

v.

**Angelo R. HIGH, Airman Basic
U.S. Air Force, Appellant.**

No. 68,463.
CMR No. S28302.

U.S. Court of Military Appeals.

Argued Oct. 7, 1993.

Decided March 4, 1994.

For Appellant: *Major George F. May* (argued); *Lieutenant Colonel Frank J. Spinner* (on brief); *Colonel Terry J. Woodhouse and Lieutenant Colonel Jay L. Cohen.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Richard L. Purdon and Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During March of 1990, appellant was tried by a special court-martial consisting of officer members at Soesterberg Air Base in the Netherlands. In accordance with his conditional pleas of guilty, appellant was found guilty of failure to go to his appointed place of duty, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886 (Charge I). Contrary to his pleas, he was also found guilty of planting false evidence (Charge II); leaving the scene of an accident (Additional Charge I); and larceny of a check (Additional Charge II), in violation of Articles 134 and 121, UCMJ, 10 USC §§ 934 and 921, respectively. He was sentenced to a bad-conduct discharge, 60 days' confinement, and forfeiture of $482.00 pay per month for 2 months.

On April 27, 1990, the convening authority approved the sentence. On January 27,

1992, the Court of Military Review set aside the findings of guilty to the charges of planting false evidence and leaving the scene of an accident, but it affirmed the findings as to the remaining charges. That court also set aside the sentence and authorized a combined rehearing. It later denied appellant's motion for reconsideration on March 3, 1992. On May 20, 1992, the new convening authority found a rehearing impracticable and approved a sentence of no punishment. In an unpublished opinion dated June 25, 1992, the Court of Military Review affirmed the approved sentence, after dismissing the charges whose findings were set aside.

On February 25, 1993, this Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY REFUSING TO GRANT TRIAL DEFENSE COUNSEL'S MOTION TO DISMISS CHARGE I AND ITS SPECIFICATION.

We hold that the military judge did not err in refusing to dismiss the charge of failure to go because appellant had no lawful duty to report at the W.S. Kamp gate. *See* Art. 15(e), UCMJ, 10 USC § 815(e). *Compare United States v. Blye,* 37 MJ 92 (CMA 1993), *with United States v. Milldebrandt,* 8 USCMA 635, 25 CMR 139 (1958). *See generally United States v. Austin,* 27 MJ 227 (CMA 1988).

Appellant was charged, *inter alia,* with failing to go to his appointed place of duty in violation of Article 86. The specification for this charge states:

SPECIFICATION: In that [appellant] did at or near Walaardt Sacre Kamp, The Netherlands, on divers occasions between on or about 16 February 1990, to on or about 19 February 1990, without authority, *fail to go at the time prescribed to his appointed place of duty, to wit: the W.S. Kamp gate,* Walaardt Sacre Kamp, The Netherlands.

(Emphasis added.)

Prior to trial, defense counsel moved to dismiss this specification under RCM 907, Manual for Courts–Martial, United States, 1984. She contended that the conditions of appellant's restriction which required him to sign in at the W.S. Kamp gate at various times were unlawful and thus appellant had no duty to go there. *See generally United States v. Milldebrandt, supra.*

Appellant, before this Court, again asserts that the conditions of his restriction which required him to sign in at the W.S. Kamp gate were invalid under the Manual for Courts–Martial, Air Force Regulations, and military case law. The particulars of these conditions were contained in a letter from his commander, Major Anne Smith, which was delivered to him on the same day as he received the non-judicial punishment (Art. 15) of restriction. It states:

1. The following is guidance that you will adhere to in respect to your imposed punishment under Article 15, UCMJ.

2. As part of your punishment I have imposed restriction to Soesterberg AB, The Netherlands for 30 days effective 8 February 1990.

3. You are required to:

a. Sign in and out of Main Gate and W.S. Kamp to proceed to the other: example: beginning of duty day, sign out W.S. Kamp sign in Main Gate, *approximate* travel time 5 minutes. End of duty day— sign out Main Gate, sign in W.S. Kamp.

b. You will sign in and out of duty section each and every time you leave the area. This will be accomplished in the Flight Chiefs office.

c. You are required to sign in at Guard Post on W.S. Kamp at 1800 hrs and 2200 hrs each day Monday—Friday.

d. On Saturdays, Sundays and holidays you will sign in at W.S. Kamp Gate every 2 hours from 0700—2200 hrs.

4. Understand that this is punishment under Article 15, failure to obey these procedures or your presence in any area other than on base or roadway between W.S. Kamp and Main Base can be constituted as failure to follow a lawful order on your part and will be handled as deemed appropriate.

5. You may retain a copy of this order for your records and understanding, in addi-

tion you will acknowledge receipt and understanding below. [Appellant did so.]

(Emphasis added.)

The Court of Military Review found the following facts concerning appellant's violation of these conditions:

Airman Basic High is stationed at Soesterberg Air Base, The Netherlands. Soesterberg AB consists of two areas. The first is commonly referred to as Soesterberg Main Base and the second is called Wal[a]ardt Sacre Kamp or "W.S. Kamp." The majority of the base services are located on Soesterberg Main, but the dormitories are on W.S. Kamp where the appellant was quartered. The two areas are about one-half mile apart.

In late January and early February 1990, the appellant was administered three nonjudicial punishments for various failures to repair and disobeying an order to refrain from contacting the wife of a fellow service member. The second of these punishments restricted him to the limits of Soesterberg AB for 30 days effective 8 February. Written instructions defined the limits of the restriction. The appellant was permitted to travel between Soesterberg Main and W.S. Kamp, but was required to sign in and out at each main gate. On Saturdays, Sundays and holidays he was to sign in at W.S. Kamp main gate every 2 hours between 0700 and 2200.

Later, it was reported that the appellant was not complying with the terms of his restriction by failing to sign in at the W.S. Kamp main gate from 16–19 February. An investigation also disclosed that the appellant had created a false sign in log and had left it at the W.S. Kamp gate.

Unpub. op. at 1–2.

---

The starting point for resolving the granted issue is Article 15 of the Code. It authorizes a commanding officer, in the grade of major or above, to impose "restrictions to certain specified limits ... for not more than 60 consecutive days" upon non-officer personnel of his command as *non-judicial punishment* "for minor offenses." Art.

15(b)(2)(H)(vi); *cf. United States v. Wallace,* 2 MJ 1 (CMA 1976) (restriction as restraint prior to trial); *United States v. Smith,* 21 USCMA 231, 45 CMR 5 (1972) (order to prevent resumption of controversy). Restriction is not defined in Article 15, but this Court has generally defined it as "restraint on the liberty of an individual." *United States v. Haynes,* 15 USCMA 122, 124, 35 CMR 94, 96 (1964). A failure to comply with an order of restriction might be prosecuted under Article 92(2), UCMJ, 10 USC § 892(2) (disobedience of a lawful order—para. 16, Part IV, Manual, *supra*); Article 134 (breach of restriction—para. 102, Part IV, Manual, *supra*); or Article 86(2) (going from place of duty without authority—para. 10, Part IV, Manual, *supra*). 15 USCMA at 126, 35 CMR at 98. *But see United States v. Peaches,* 25 MJ 364, 366 (CMA 1987) (ultimate-offense doctrine limiting punishment).

A second point of reference for approaching the granted issue is paragraph 5c(2), Part V, Manual, *supra,* which provides:

(2) *Restriction.* Restriction is the least severe form of deprivation of liberty. Restriction involves moral rather than physical restraint. The severity of this type of restraint depends on its duration and the geographical limits specified when the punishment is imposed. *A person undergoing restriction may be required to report to a designated place at specified times if reasonably necessary to ensure that the punishment is being properly executed.* Unless otherwise specified by the nonjudicial punishment authority, a person in restriction may be required to perform any military duty.

(Emphasis added.)

■ This Manual provision reflects case law from our Court which suggests that a commanding officer may give *lawful orders which implement* a punishment of restriction under Article 15 and that their violation may also be criminally prosecuted under Article 92. *See United States v. Gentle,* 16 USCMA 437, 441–42, 37 CMR 57, 61–62 (1966). Moreover, it is well established that Articles 92 and 86(1) of the Code may overlap in certain situations involving reporting for mili-

tary duty. *United States v. Granger*, 9 USCMA 719, 721, 26 CMR 499, 501 (1958); *United States v. Loos*, 4 USCMA 478, 480, 16 CMR 52, 54 (1954); *United States v. Buckmiller*, 1 USCMA 504, 4 CMR 96 (1952). Accordingly, appellant's failure to comply with the non-judicial punishment implementing order to report was properly charged as a failure to go to an appointed place of duty in violation of Article 86(1). *See* para 10, Part IV, Manual, *supra.*

With these principles in mind, we can now turn to the granted issue in this case. It asks whether the military judge erred in refusing to dismiss, prior to trial, appellant's *failure-to-go* charge under Article 86(1), because the conditions of his restriction purportedly creating the duty to go were unlawful. Counsel for appellant particularly asserts that these conditions were unlawful because they violated paragraph 5c(2), Part V, Manual, *supra;* Air Force Regulation 111–9 (Sept 1984); and the decisions of this Court on illegal orders. He further asserts that unlawful orders or conditions create no enforceable duty whose violation is punishable at a court-martial. *See United States v. Dellarosa*, 30 MJ 255, 260–61 (CMA 1990). We reject that argument in this case for several reasons.

We first note that the unlawfulness of conditions of restriction is at best a defense to a charge of failing to go in violation of Article 86(1). *See United States v. Mercado*, 8 CMR 590 (NBR 1953); *cf. United States v. Williamson*, 28 CMR 698, 702 (CGBR 1959). This is particularly true in appellant's case where he has argued that such an illegal condition created no duty for him to go, a necessary element of this offense. *United States v. Milldebrandt*, 8 USCMA 635, 25 CMR 139 (1958). *See* para. 10. Thus, the unlawfulness question is a matter which relates directly to the merits of appellant's case.

RCM 907, however, limits the matters that may be raised by a pretrial motion to dismiss. This Manual provision states:

**Rule 907. Motions to dismiss**

(a) *In general.* A motion to dismiss is a request to terminate further proceedings as to one or more charges and specifications *on grounds capable of resolution without trial of the general issue of guilt.*

### Discussion

Dismissal of a specification terminates the proceeding with respect to that specification unless the decision to dismiss is reconsidered and reversed by the military judge. *See* RCM 905(f). Dismissal of a specification on grounds stated in subsection (b)(1) or (b)(3)(A) below does not ordinarily bar a later court-martial for the same offense if the grounds for dismissal no longer exist. *See also* RCM 905(g) and subsection (b)(2) below.

(Emphasis added.) *See* RCM 916 concerning defenses.

█ Since resolution of the lawfulness question was intimately related to the merits of appellant's case, we could conclude that the military judge erred even in considering this unlawfulness question by means of a pretrial motion to dismiss.

Nevertheless, the prosecution did not object to appellant's raising this lawfulness question by means of a pretrial motion to dismiss. Moreover, by accepting appellant's entry of conditional guilty pleas to this failure-to-go charge, it implicitly recognized appellant's right to review of an adverse determination of this motion. *See* RCM 910(a)(2). Accordingly, despite the irregularity of this procedure, we will consider the merits of appellant's contention that the conditions on his restriction were unlawful.

We also note that appellant raised the question of the unlawfulness of the conditions of his restriction for the first time at his court-martial for failing to comply with those conditions. This trial occurred on March 8–10, 1990. However, he was awarded 30 days' restriction and received the letter of conditions on February 8, 1990. Moreover, on that same day, he waived his right to appeal this punishment.

Clearly a pretrial motion to dismiss should not be used as a substitute for the lawful non-judicial punishment appeal procedure provided in the Uniform Code of Military Justice. In this regard, we note that Article

15(e) provides for an appeal, and such appeal was waived in this case. Moreover, Article 15(e) expressly states:

(e) A person punished under this article who considers his punishment unjust or disproportionate to the offense may, through the proper channel, appeal to the next superior authority. *The appeal shall be promptly forwarded and decided, but the person punished may in the meantime be required to undergo the punishment adjudged.* The superior authority may exercise the same powers with respect to the punishment imposed as may be exercised under subsection (d) by the officer who imposed the punishment. . . .

(Emphasis added.) Appellant's disregard of this statutory provision, both at trial and on appeal, seriously undermines his argument of unlawfulness based on our regular or normal military-order cases. *See United States v. Austin,* 27 MJ at 231–32.

■ In any event, appellant's argument also fails on its own merits. He first contends that the sign-in duty violated paragraph 5c(2), Part V, Manual, *supra.* As noted above, it contains a requirement that any reporting condition of restriction be "reasonably necessary" to effectuate the restriction. Appellant notes the distance to be traveled (0.5 miles), the time allowed to do it (5 minutes), and the large number and times of sign-ins required. He asserts that the sign-in requirements "went far beyond what was reasonably necessary to ensure that the restriction was being properly executed by appellant." He also asserts that the requirements "were merely promulgated as additional punishment and public humiliation. . . ." Final Brief at 5.

We note that the record of trial makes clear appellant's previous refusals to comply with his commander's lawful orders to restrict his comings and goings, as well as the disorder in the base community occasioned thereby. We further note that this record provides an adequate basis for concluding that the sign-in procedure was a logical and practical response to his recalcitrance. Finally, we note that the record is devoid of any suggestion of physical impossibility or

intent on the commander's part to harass or humiliate appellant. *See United States v. DeStefano,* 20 MJ 347 (CMA 1985).

Appellant next contends that the sign-in requirements violated service regulations because the conditions of restriction were not actually placed on the nonjudicial punishment document—Air Force Form 3070 (June 85) (Record of Nonjudicial Punishment Proceedings). We note that this regulation does provide that "[d]ocument which imposes punishment will set forth limits and conditions of restriction." Table 2, Item 6E, AFR 111–9 (Sep.1984). However, the above regulation does not prohibit attachments; and the record of trial also suggests that this letter of conditions was intended as an attachment to the AF Form 3070—occasioned by its length. Moreover, paragraph 14 of this same regulation provides: *"Effect of Errors.* A failure to comply with any of the procedural provisions of this regulation will not invalidate a punishment imposed under Article 15."

Appellate further complains that the sign-in requirements were unlawful because they subjected appellant to "utterly humiliating" and "dehumanizing" conditions which were "violative of all notions of basic human dignity." Final Brief at 7–8. *See generally Unger v. Ziemniak,* 27 MJ 349, 358 (CMA 1989). He states:

The sign-in requirements also subjected appellant to "humiliation and degradation" before the Soesterberg AB base populace by requiring appellant on weekends to jog every two hours between 0700 and 2200 on the public road separating the two sections of the base like a mindless puppet.

Final Brief at 13. Such a claim obviously borders on hyperbole. In any event, it simply is not legally justified by sufficient evidence on the record before us. *See United States v. Cruz,* 25 MJ 326, 329 (CMA 1987) (the "Peyote" platoon); *cf. Unger v. Ziemniak, supra.*

Appellant finally contends that the particular demands of these sign-in requirements were unduly restrictive of his private rights and personal life. In particular he argues that the demanding conditions of the sign-in interfered with his right to sleep on his days

off, his right to get a hair cut, and his right to go to certain chapel services.

Such contentions are most unpersuasive. Appellant was serving non-judicial punishment at the time he was required to comply with these reporting requirements. Art. 15; *cf. United States v. Milldebrandt, supra.* Restriction is a well-recognized tool for ensuring good order and discipline in the ranks. *See generally Dobzynski v. Green,* 16 MJ 84 (CMA 1983). Finally, as noted above, an ample basis exists in this record for concluding that these conditions were reasonable and necessary for the military purpose of ensuring that the punishment of restriction lawfully imposed on appellant was properly executed. *See generally United States v. Wartsbaugh,* 21 USCMA 535, 540, 45 CMR 309, 314 (1972). We find no undue limitations on private rights under these circumstances. *See United States v. Blye,* 37 MJ 92 (CMA 1993).

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS, concur.