UNITED STATES

v.

**Ryan N. HINKLE, Machinist's Mate Fireman Recruit (E–1), U.S. Navy.**

**NMCM 200000080.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 4 Aug. 1999.

Decided 13 Oct. 2000.

LCDR Linda J. Lofton, JAGC, USN, Appellate Defense Counsel.

CDR Michael A. Davenport, JAGC, USNR, Appellate Defense Counsel.

Capt Edward C. Durant, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, OZMUN and NAUGLE, Appellate Military Judges.

DORMAN, Senior Judge:

At a special court-martial, a military judge convicted the appellant, pursuant to his pleas, of a 21–day unauthorized absence and a violation of an order from his commanding officer, in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 892. The approved sentence includes confinement for two months, forfeiture of $500 pay per month for two months, and a bad-conduct discharge.

We have carefully reviewed the record of trial, the appellant's assignment of error, and the Government's response. We conclude that corrective action is required. Following that corrective action, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

*Factual Background.* On 28 May 1999, the appellant received Captain's Mast and was awarded a punishment that included assignment to the Correctional Custody Unit [CCU] for 30 days. Following Mast, the appellant was taken to his Bachelor Enlisted Quarters to gather up some personal belongings. While there, he informed the petty officer who was escorting him that he would not be going with the escort to CCU. Soon thereafter, the appellant left his escort and began a period of unauthorized absence. The absence terminated when the appellant returned on 18 June 1999. As a result of his actions, the appellant was charged with violating the order of his commanding officer to go to CCU on 28 May 1999 and an unauthorized absence, which began that same day.

At trial, prior to entering pleas, the appellant moved to dismiss the Article 86, UCMJ, 10 U.S.C. § 886, offense as multiplicious with the Article 92, UCMJ, 10 U.S.C. § 892, offense. Following argument of counsel, the military judge denied the motion. He further declined the appellant's request to treat the offenses as the same for purposes of sentencing. The appellant then entered unconditional guilty pleas to both offenses.

Relying upon the MANUAL FOR COURTS MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 16e(2)[Note],[1] the appellant argues on appeal that the maximum punishment for violating the order to go to CCU[2] should be limited to the maximum punishment for his unauthorized absence. In essence, his argument is that although he was convicted of two offenses at trial, the "ultimate offense" was his unauthorized absence, and therefore the maximum punishment is limited to the maximum punishment for an unauthorized absence of 30 days or less. The maximum punishment for that offense does not include a bad-conduct discharge. MCM, Part IV, ¶ 10e(2)(b). The appellant did not raise this specific issue at trial.

*Discussion.* The issue is whether under the facts of this case a punitive discharge is

1. The "Note" modifies the maximum punishment for either a violation of a general order or regulation, or the violation of other lawful orders. The "Note" reads as follows: "For (1) and (2), above, the punishment set forth does not apply in the following cases: if in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed; or if the violation or failure to obey is a breach of restraint imposed as a result of an order. In these instances, the maximum punishment is that specifically prescribed elsewhere for that particular offense."

2. In his reply brief, the appellant argues that he was not ordered to go to CCU, but only told by his commanding officer at Captain's Mast that his punishment was CCU for 30 days. Reply Brief dated 16 June 2000 at 1. We find his argument inconsistent with the record. At trial, the appellant pleaded guilty to violating the order of his commanding officer to go to CCU. The military judge accepted the appellant's guilty plea to that offense after conducting a thorough inquiry into the providence of the plea. During that inquiry the appellant acknowledged that his commanding officer told him he was going to CCU and that it was a lawful order and that he had a duty to obey it. Record at 51–54. Based on the record before us, we find that the appellant was given an order to go to CCU.

authorized. The standard of review to apply in analyzing the issue is not clearly defined and neither the appellant nor the Government has suggested an appropriate standard of review.

 The issue the appellant raises concerns the maximum punishment he could receive. The issue of multiplicity also directly impacts the maximum punishment that can be imposed. In that the concepts are so closely related, arguably the issue the appellant now raises could be considered waived by his unconditional guilty pleas. *See United States v. Lloyd,* 46 M.J. 19, 22–23 (1997). This waiver rule regarding multiplicity applies except where the charges are facially duplicative. *Lloyd,* 46 M.J. at 23. In determining whether charged offenses are facially duplicative, we look not only at the language of the specifications, but also to the record of trial to determine whether "the charged course of conduct is identical in both specifications." *United States v. Harwood,* 46 M.J. 26, 28 (1997). Similarly, in deciding whether the ultimate offense was a violation of Article 92, UCMJ, or some other punitive article, it is necessary to examine the record to determine the "gravamen of the offense." *See United States v. Buckmiller,* 1 USCMA 504, 506, 4 C.M.R. 96, 98, 1952 WL 2697 (1952). Additionally, in applying our Article 66, UCMJ, powers, we may refuse to apply waiver. *See generally United States v. Jones,* 37 M.J. 321, 323 (C.M.A.1993); *United States v. Claxton,* 32 M.J. 159, 162 (C.M.A.1991); and *United States v. Fisher,* 21 M.J. 327 (C.M.A. 1986). Due to the similarities between multiplicity and the issue raised by the appellant, we will apply the multiplicity analysis to the issue before us.

 At trial the appellant pled guilty to both a violation of Article 86 and Article 92, UCMJ. The Article 86 offense alleged that the appellant:

did, at[sic] or about 28 May 1999, without authority, absent himself from his unit, to wit: USS HENRY M. JACKSON (SSBN 730)(GOLD), located at Naval Submarine Base Bangor, Silverdale, Washington, and did remain so absent until 18 June 1999.

Charge Sheet. The Article 92 offense alleged that the appellant:

having knowledge of a lawful order issued by CDR Steven L. Syzska, to report to the Correctional Custody Unit, an order which it was his duty to obey, did, at Naval Submarine Base Bangor, Silverdale, Washington, on or about 28 May 1999, fail to obey the same by wrongfully failing to report to the Correctional Custody Unit.

Charge Sheet. Since the appellant entered unconditional guilty pleas to these two offenses at trial the issue of multiplicity is waived unless we find that the charges are facially duplicative. *Lloyd,* 46 M.J. at 23. When considering whether charges are facially duplicative—"that is, factually the same," *Lloyd,* 46 M.J. at 23—it is appropriate to examine the record of trial. *United States v. Heryford,* 52 M.J. 265, 266 (2000). Having done so in this case, because the charges are not factually the same, we find that these two offenses are not multiplicious.

The facts in this case are analogous to the situation where an individual begins a period of unauthorized absence while simultaneously breaking restriction or missing the movement of his ship or unit. In such cases our superior court has held that "[w]hile an absence of some minimal duration is fairly embraced in an allegation of breach of restriction ... one of extended length is not." *United States v. DiBello,* 17 M.J. 77, 79 (C.M.A.1983)(internal quotes and citations omitted). *See also United States v. Murray,* 17 M.J. 81 (C.M.A.1983)(holding that unauthorized absence of over five months and missing movement were not multiplicious). *See also United States v. Olinger,* 47 M.J. 545, 552 (N.M.Ct.Crim.App.1997)(holding that an unauthorized absence of several months and missing movement were not multiplicious). *But see, United States v. Granger,* 9 USCMA 719, 721, 26 C.M.R. 499, 501, 1958 WL 3410 (1958)(finding the failure to comply with transfer orders to report to the Naval Receiving Station, Boston, MA, and unauthorized absence from the same Receiving Station to be multiplicious where the absence was for just a few hours).

Having found that the two offenses are not multiplicious, we turn to a related question not specifically raised by the appellant. This

related question is whether the offenses represent an unreasonable multiplication of charges under RULE FOR COURTS-MARTIAL 307(c)(4), Manual for Courts Martial, United States (1998 ed.), Discussion.

■ In analyzing this issue, we apply the five criteria announced in *United States v. Quiroz,* 53 M.J. 600, 607 (N.M.Ct.Crim.App. 2000)(*en banc)(certificate for review denied,* 54 M.J. 243). First, we look to see if the issue was raised at trial. We then look to see if the specifications address distinct criminal acts, whether they misrepresent or exaggerate the appellant's criminality, whether the separate specifications unfairly expose the appellant to greater punishment, and whether there is evidence of prosecutorial overreaching.

■ Applying those criteria to the facts of this case, we first note that the appellant did not raise this issue at trial. He did, however, raise the closely related issue of multiplicity—both as to findings and sentencing. We, therefore, do not find that the appellant's failure to raise this specific issue "significantly weaken[s]" the merits of the issue on appeal. *Quiroz,* 53 M.J. at 607. We also find that it was not unreasonable to charge the appellant with both an unauthorized absence of 21–days and disobedience of an order to report to CCU. The offenses have distinct elements and they address different military societal concerns. We also find absolutely no evidence of prosecutorial overreaching. We find, however, that by charging the appellant with these two separate offenses, he was *unfairly* exposed to the risk of greater punishment and that his criminality was exaggerated. Therefore, we find that the charges were unreasonably multiplied.

■ In reaching this conclusion, we next consider application of the ultimate offense doctrine. In this case it is clear that the appellant's commanding officer ordered the appellant to go to CCU. It is equally clear that on the same day as being ordered to go to CCU the appellant began a 21–day period of unauthorized absence. In finding that the offenses constitute an unreasonable multipli-

cation of charges, we must still determine which offense to dismiss, and the maximum punishment.

In discussing the ultimate offense doctrine, it has frequently been noted "that a superior officer may, by supporting a routine duty with the full authority of his office, lift it above the common ruck—and thus remove the failure to perform it from within the ambit of Article 86...." *United States v. Loos,* 4 USCMA 478, 16 C.M.R. 52, 54–55, 1954 WL 2427 (1954). Typically, however, those cases that have found that a superior has put his full weight behind an order are those where an accused has already expressed an unwillingness to perform certain duties or to return to his place of duty, or has directly refused to obey the order. They generally involve a situation where there has been a direct and obvious thwarting of military authority. *See United States v. Traxler,* 39 M.J. 476 (C.M.A.1994); *United States v. Landwehr,* 18 M.J. 355 (C.M.A.1984); *United States v. Pettersen,* 17 M.J. 69 (C.M.A.1983); *United States v. Timmons,* 13 M.J. 431, 434 n. 4 (C.M.A.1982); and *Buckmiller,* 1 USCMA 504, 4 C.M.R. at 96, 1952 WL 2697.

Our superior court has noted that "Articles 92 and 86(1) [3] of the Code may overlap in certain situations involving reporting for military duty." *United States v. High,* 39 M.J. 82, 84–85 (C.M.A.1994). In such situations it has generally been held that an accused's failure to report for duty, to perform assigned duties, or to refrain from certain activities, is punishable not as an orders violation, but rather as a violation of another punitive Article of the UCMJ. *See e.g. United States v. Peaches,* 25 M.J. 364 (C.M.A. 1987); *Loos,* 4 USCMA 478, 16 C.M.R. 52, 1954 WL 2427; *United States v. Battle,* 27 M.J. 781 (A.F.C.M.R.1988); and *United States v. Lattimore,* 17 C.M.R. 400, 1954 WL 2625 (A.B.R.1954).

We also note the similarity of the present case to those situations where a servicemember has been ordered into restriction by his commanding officer. When the servicemember breaks the limits of the restriction or

---

**3.** The appellant's offense is not an Article 86(1), UCMJ, offense—a failure to go, but rather an Article 86(3), UCMJ, offense—an absence from his unit. This distinction is of no moment.

fails to comply with the restriction order, he may be convicted of a violation of Article 92, UCMJ. The punishment that may be imposed, however, is generally limited to that which may be imposed for a breach of restriction or failure to go. *United States v. Hargrove,* 51 M.J. 408, 410 (1999); and *United States v. Hofmiller,* 12 USCMA 479, 480, 31 C.M.R. 65, 66, 1961 WL 4526 (1961). In *United States v. Miller,* 16 M.J. 858 (N.M.C.M.R.1983), this court considered the question of whether Seaman Apprentice Miller had been properly charged with breaking restriction. Miller had been placed on restriction in lieu of arrest and ordered not to drink. He was unable to resist the temptation, and he indulged in intoxicating beverages while on restriction. This court found that he was properly charged with breaking restriction, in part, because "the gravamen of the offense was *not* the flouting of the direct order of a superior." *Miller,* 16 M.J. at 861 (emphasis in original).

Our review of the cases we have cited reveals that the appellant could have been properly charged with either a violation of Article 86 or 92, UCMJ. Our review also leads us to the conclusion that the facts of this case more closely resemble those cases in which the servicemember's misconduct did not involve the flouting of military authority or a direct disobedience of a superior's order. Accordingly, we find that even if the appellant were convicted of only the charged violation of Article 92, UCMJ, that the limitation on punishment contained in the "Note" to MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 16e(2), would apply.

Thus the maximum punishment for the appellant's offenses does not include a bad-conduct discharge. Additionally, since the gravamen of the appellant's offenses is his unauthorized absence, we will dismiss the Article 92, UCMJ, offense as an unreasonable multiplication of charges.

## Conclusion

Accordingly, we affirm the findings with respect to Charge I and its Specification. The findings as to Charge II and its specification are set aside, and we order Charge II and its specification dismissed. As a result of our action on the findings, we have reassessed the sentence in accordance with the principles of *United States v. Cook,* 48 M.J. 434, 438 (1998); *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A.1990); and *United States v. Sales,* 22 M.J. 305, 307–08 (C.M.A. 1986).

Upon reassessment of the sentence, we approve only so much of the sentence as extends to confinement for two months, and forfeiture of $500 pay per month for two months. A new promulgating order, reflecting the findings and sentence as modified by this decision, shall be issued.

Judge OZMUN and Judge NAUGLE concur.