UNITED STATES, Appellee,

v.

Patrick R. HERYFORD, Airman First Class, U.S. Air Force, Appellant.

No. 99–0546.
Crim.App. No. 33249.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 12, 2000.

Decided March 3, 2000.

GIERKE, J., delivered the opinion of the Court, in which CRAWFORD, C.J., SULLIVAN and EFFRON, JJ., and COX, S.J., joined.

For Appellant: *Captain Natasha V. Wrobel* (argued); *Colonel Jeanne M. Rueth* (on brief); *Colonel Theodore J. Fink, Lieutenant Colonel Ray T. Blank, Jr.,* and *Lieutenant Colonel James R. Wise.*

For Appellee: *Captain Suzanne Sumner* (argued); *Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers,* and *Major Kenneth A. Arnold* (on brief); *Major Steven B. Thompson.*

Judge GIERKE delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful possession of approximately 12 doses of lysergic acid diethylamide

(LSD) with intent to distribute them (specification 2 of the Charge), distribution of approximately 12 doses of LSD (specification 3 of the Charge), and wrongful introduction of 12 doses of LSD onto a military installation (the specification of the Additional Charge), in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. All three offenses were alleged to have been committed on or about July 12, 1997, at the same place.

The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 8 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. This Court granted review of the following issue:

> WHETHER SPECIFICATION 2 OF THE CHARGE IS MULTIPLICIOUS WITH SPECIFICATION 3 AND THE SPECIFICATION OF THE ADDITIONAL CHARGE, AND SPECIFICATION 2 SHOULD BE DISMISSED.

For the reasons set out below, we affirm.

A stipulation of fact recites that appellant was asked by a confidential informant to obtain LSD. He agreed and obtained approximately 12 doses of LSD on July 10, 1997. He arranged to meet with the confidential informant on July 12 to deliver the drugs at an agreed location on Hickam Air Force Base (AFB). The informant notified agents of the Air Force Office of Special Investigations, who observed appellant delivering the LSD to the informant in exchange for approximately $60.00.

During the plea inquiry, appellant repeated the stipulated facts in greater detail. He told the military judge that he kept the LSD in his off-base residence from July 10 until July 12. On July 12, he brought the LSD onto Hickam AFB and delivered it to the informant.

The defense did not ask that any specifications be dismissed as multiplicious. Counsel for both sides agreed that each offense was separately punishable.

* The provision in the 1998 Manual is unchanged.

Appellant now asserts that his possession of LSD was a lesser-included offense of his wrongful introduction and distribution of LSD because the offenses were at the same time and place. The Government asserts that the offenses were not multiplicious because appellant's possession began on July 10 and the distribution did not occur until July 12. Furthermore, the Government asserts that any issue of multiplicity was waived.

RCM 907(b)(3), Manual for Courts–Martial, United States (1995 ed.),* provides: "A specification may be dismissed upon timely motion by the accused if ... [t]he specification is multiplicious with another specification. . . ." The non-binding Discussion of RCM 907(b)(3) explains that "[a] specification is multiplicious with another if it alleges the same offense, or an offense necessarily included in the other." In *United States v. Savage*, 50 MJ 244 (1999), this Court held that possession of marijuana with intent to distribute was a lesser-included offense of distribution of marijuana where both the possession and the distribution were on the same day.

■ Ordinarily, an unconditional guilty plea waives a multiplicity issue. *United States v. Lloyd*, 46 MJ 19, 23 (1997). Furthermore, double jeopardy claims, including those founded in multiplicity, are waived by failure to make a timely motion to dismiss, unless they rise to the level of plain error. *United States v. Britton*, 47 MJ 195, 198 (1997).

■ Appellant has the burden of persuading us that there was plain error. *United States v. Powell*, 49 MJ 460, 464–65 (1998). An appellant may show plain error and overcome waiver by showing that the specifications are " 'facially duplicative,' that is, factually the same." *Britton, supra* at 198, quoting *Lloyd, supra* at 23. Whether specifications are facially duplicative is determined by reviewing the language of the specifications and "facts apparent on the face of the record." *Lloyd, supra* at 24; *see also United States v. Harwood*, 46 MJ 26, 28–29 (1997).

█ Each specification in this case alleges an offense "on or about 12 July 1997," at the same place. Unlike the situation in *United States v. Savage, supra*, the stipulation of fact and guilty plea inquiry establish that appellant possessed the LSD in his off-base residence for 2 days before bringing it onto Hickam AFB and distributing it. During that period, he was at liberty to use it himself, destroy it, or distribute all or any part of it to anyone. Accordingly, while the language in the specifications warrants review of the facts reflected in the record, the allegation that each offense was committed "on or about" the same date is sufficiently broad to permit a finding of possession independent from wrongful introduction and distribution.

Appellant has not carried his burden of persuading us that there was plain error. Accordingly, we hold that the multiplicity issue was waived.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.