**UNITED STATES**

v.

**Airman First Class Joseph F. OROZCO, United States Air Force.**

**ACM 35130.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 8 Feb. 2002.

Decided 15 March 2004.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, and Major Kyle R. Jacobson.

Appellate Counsel for the United States: Colonel LeEllen Coacher and Lieutenant Colonel Lance B. Sigmon.

Before STONE, MOODY, and JOHNSON–WRIGHT, Appellate Military Judges.

OPINION OF THE COURT

JOHNSON–WRIGHT, Judge:

In accordance with his pleas, the appellant was convicted of two specifications of wrongful use of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The appellant pled not guilty to a third specification of cocaine use that was withdrawn after arraignment pursuant to a pretrial agreement. A general court-martial composed of a military judge, sitting alone, sentenced the appellant to receive a bad-conduct discharge, to

be confined for 6 months, to forfeit all pay and allowances, and to be reduced to airman basic. The convening authority approved the adjudged findings and reduced the amount of confinement to 4 months, but otherwise approved the sentence. The appellant raises one error for our consideration. We find no error and affirm.

## I.  Issue

WHETHER THE TWO SPECIFICATIONS OF COCAINE USE ARE MULTIPLICIOUS OR REPRESENT AN UNREASONABLE MULTIPLICATION OF CHARGES WHERE THE TWO USES OCCURRED ON THE SAME NIGHT.[1]

## II.  Background

On or about 1 September 2001, the appellant and Airman First Class (A1C) M went to a local restaurant known as El Charro Café in Tucson, Arizona. The appellant went to the restroom and saw some civilians snorting cocaine. The civilians offered cocaine to the appellant. The appellant accepted and snorted the cocaine through his nose. The appellant and A1C M then left the restaurant and rode to Nogales, Mexico. After leaving Nogales, they drove to Hermosillo, Mexico. In Hermosillo, the appellant met different civilians and knowingly used cocaine provided by this set of civilians. Two to three hours elapsed between the two uses of cocaine.

Pursuant to his pleas, the appellant was convicted of the following specifications of the Charge:

Specification: 1

In that AIRMAN FIRST CLASS JOSEPH F. OROZCO, United States Air Force, did, at or near Tucson, Arizona, between on or about 25 August 2001 and on or about 4 September 2001, wrongfully use cocaine.

Specification: 2

In that AIRMAN FIRST CLASS JOSEPH F. OROZCO, United States Air Force, did, at or near Hermosillo, Mexico, between on or about 25 August 2001 and on or about 4 September 2001, wrongfully use cocaine.

## III.  Discussion

The interpretation of a statute is a question of law subject to de novo review. *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999). Multiplicity is a concept derived from the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, prohibiting individuals from being twice punished for a single offense. *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *United States v. Erby*, 46 M.J. 649 (A.F.Ct.Crim.App.1997), *aff'd in part and modified in part*, 49 M.J. 134 (C.A.A.F.1998). Rule for Court–Martial (R.C.M.) 907(b)(3) provides, in part, that "[a] specification may be dismissed upon timely motion by the accused if ... [t]he specification is multiplicious with another specification. ..." The non-binding Discussion to the Rule explains, "A specification is multiplicious with another if it alleges the same offense, or an offense necessarily included in the other." "Neither the Constitution nor the UCMJ precludes a person from being convicted for multiple offenses growing out of the same transaction, so long as the offenses are not multiplicious." *United States v. Bracey*, 56 M.J. 387, 389 (C.A.A.F.2002).

▮ "Ordinarily, an unconditional guilty plea waives a multiplicity issue. Furthermore, double jeopardy claims, including those founded in multiplicity, are waived by failure to make a timely motion to dismiss, unless they rise to the level of plain error." *United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F.2000) (citations omitted). The appellant has the burden of establishing plain error. *Id.* He may overcome his failure to raise multiplicity at trial by showing the specifications are " 'facially duplicative,' that is, factually the same." *Id.* (quoting *United States v. Britton*, 47 M.J. 195, 198 (C.A.A.F. 1997) and *United States v. Lloyd*, 46 M.J. 19, 24 (C.A.A.F.1997)). To determine whether specifications are facially duplicative, we review the language of the specifications and the "facts apparent on the face of the record." *Lloyd*, 46 M.J. at 24.

---

1.  This issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

The appellant failed to raise the multiplicity objection at trial and has failed on appeal to show the specifications are facially duplicative. The appellant used cocaine from two different sources, at two different locations in two different countries, and at two different times. We therefore hold that specifications 1 and 2 are not facially duplicative.

Unlike the doctrine of multiplicity, which is grounded in the double jeopardy prohibitions of the Constitution of the United States, the prohibition against the unreasonable multiplication of charges promotes fairness considerations. *United States v. Quiroz,* 55 M.J. 334, 337 (C.A.A.F.2001) "One transaction, or what is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." *Id. See also* R.C.M. 307(c)(4) and its Discussion.

The appellant failed to raise an unreasonable multiplication of charges objection at trial. He pled guilty, unconditionally. The appellant first indulged in illegal drug use in Tucson, AZ, in a bathroom with some civilian strangers. After leaving the restaurant, he and his friend drove to Nogales, Mexico. After visiting Nogales, they drove to Hermosillo, Mexico. The appellant testified that at least two to three hours passed between his first use of cocaine in Arizona and the subsequent use of different cocaine from a different set of civilian strangers in Mexico. Clearly from the record, the appellant's two uses of cocaine were not the same act or transaction.

## IV. Conclusion

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence are

AFFIRMED.