# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist NATHAN R. KNIGHT**
**United States Army, Appellant**

ARMY 20110858

Headquarters, Fort Bliss
Karen W. Riddle, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

29 July 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of rape by force, forcible sodomy, and aggravated assault with a dangerous weapon, in violation of Articles 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928 (2006 & Supp V 2011), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ], respectively.  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years, and reduction to the grade of E-1.[1]

This case is before us for review pursuant to Article 66, UCMJ.  One of appellant's assignments of error merits discussion and relief.  All other matters raised by appellant, including those matters personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not merit relief.

---

[1] Appellant was credited with 133 days of pretrial confinement credit.

**BACKGROUND**

During the early morning hours of 7 May 2011 on Fort Bliss, Texas, appellant observed Specialist (SPC) DF, a soldier appellant knew for less than two months and with whom he had no prior relationship, returning to her trailer, a trailer that served as her on-post quarters. Unbeknownst to SPC DF, appellant followed her. Once behind SPC DF, appellant grabbed her and placed a knife to her throat, pushing her in between several trailers, threatening to kill her if she screamed or resisted. Once he established control of SPC DF, appellant put his knife in his pocket and proceeded to first anally sodomize, and then rape her, both acts occurring from behind as appellant held SPC DF against a trailer. Appellant sodomized SPC DF for five to ten minutes and raped her for another five to ten minutes.

Appellant subsequently pled guilty to rape by force, forcible sodomy, and aggravated assault with a dangerous weapon, as follows:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 120

SPECIFICATION 1: In that SPC Nathan Knight, U.S. Army, did, at or near Fort Bliss, Texas, between or about [sic] 1 May 2011 and 15 May 2011, cause SPC [DF] to engage in a sexual act, to wit: penetration of her vulva by his penis, by using a dangerous weapon or object to wit: a knife or a sharp object against her body.

CHARGE III: VIOLATION OF THE UCMJ, ARTICLE 125

THE SPECIFICATION: In that Specialist Nathan Knight, U.S. Army, did, at or near Fort Bliss, Texas, between on or about 1 May 2011 and 15 May 2011, commit sodomy with Specialist [DF] by force and without the consent of SPC [DF].

CHARGE IV: VIOLATION OF THE UCMJ, ARTICLE 128

THE SPECIFICATION: In that Specialist Nathan Knight, U.S. Army, did, at or near Fort Bliss, Texas, between on or about 1 May 2011 and 15 May 2011, commit an assault upon SPC [DF] by touching her on the neck with a dangerous weapon, to wit: a knife.

**LAW AND DISCUSSION**

For the first time on appeal, appellant alleges that his conviction for aggravated assault with a dangerous weapon is multiplicious with his convictions for rape by force and forcible sodomy. We agree in part. A review of the record reveals that the aggravated assault with a dangerous weapon, a knife to SPC DF's neck, was the force used to effectuate both the rape by force and forcible sodomy.

"[A]ppellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'" *United States v. St. John*, __ MJ ___ (3) (Army Ct. Crim. App. 2013) (internal citations omitted); *see United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000). "Facially duplicative means the factual components of the charged offenses are the same." *St. John*, __ M.J. at ___ (3) (internal citations omitted). "Whether specifications are factually duplicative is determined by reviewing the language of the specifications and 'facts apparent on the face of the record.'" *Heryford*, 52 M.J. at 266 (quoting *United States v. Lloyd*, 46 M.J. 19, 24 (C.M.A. 1997)). In this case, the pleadings alone demonstrate that the rape by force is facially duplicative with the aggravated assault with a dangerous weapon. Our review of the "the language of the specifications and 'facts apparent on the face of the record,'" *Heryford*, 52 M.J. at 266, confirms this conclusion.

"The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense. *See* Article 44(a), UCMJ, 10 U.S.C. § 844(a) (2000); *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). An offense is a lesser-included offense if its elements are the same or a subset of the charged offense. *Schmuck v. United States*, 489 U.S. 705, 716 (1989); *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). In other words, "it is impossible to commit the greater without first having committed the lesser." *Schmuck*, 489 U.S. at 719. "The elements test does not require that the two offenses at issue employ identical statutory language. Instead, the meaning of the offenses is ascertained by applying the 'normal principles of statutory construction.'" *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010) (quoting *Carter v. United States*, 530 U.S. 255, 263 (2000)). As plead and under the facts of this case, we conclude that aggravated assault with a dangerous weapon is a lesser-included offense of rape by force. *Cf. United States v. Wilkins*, 71 M.J. 410 (C.A.A.F. 2013) (relying on the elements as alleged in the specification to determine greater-lesser relationship between offenses). Accordingly, appellant's conviction for aggravated assault with a dangerous weapon must be set aside, a matter conceded by the government in its pleadings before this court.

## CONCLUSION

On consideration of the entire record, including those matters personally raised by appellant, the findings of guilty of Charge IV and its specification are set aside and Charge IV and its specification are dismissed. The remaining findings of guilty are AFFIRMED. Appellant still faces a maximum punishment of life without eligibility of parole, and the aggravation evidence before the sentencing authority is unchanged. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Judge MARTIN concurs.

KERN, Senior Judge, concurring in the result:

In my opinion, the charged aggravated assault with a dangerous weapon is not a lesser-included offense of the charged rape by force. However, I concur in setting aside the findings of guilty to aggravated assault with a dangerous weapon (Charge IV and its specification). After application of the *Quiroz* factors, the aggravated assault with a dangerous weapon offense constitutes an unreasonable multiplication of charges with the rape by force and forcible sodomy offenses when the force used to effectuate both the rape and sodomy was the aggravated assault. *See United States v. Quiroz*, 55 M.J. 334, 338–339 (C.A.A.F. 2001).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4