# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TIMOTHY J. GARCIA**
**United States Army, Appellant**

ARMY 20110432

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Kristin McGrory, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

30 April 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curium:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of indecent liberties with a child, indecent acts, and assault with intent to commit rape of a child, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 and Supp I 2008), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ].[1]  The panel

---

[1] Appellant was found not guilty in accordance with his pleas to attempted sodomy, assault consummated by a battery (two specifications), rape of a child (two specifications), aggravated sexual contact with a child (two specifications), indecent liberties with a child, and communication of threat, in violation of Articles 80, 128, 120, and 134, UCMJ.  In addition, two specifications of assault and one specification

(continued . . .)

sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to E-1.  At action, the convening authority dismissed the assault with intent to commit rape specification under Article 134, UCMJ and approved only nine years of confinement and the remainder of the adjudged sentence.[2]

We now review appellant's case under Article 66, UCMJ.  Appellant raises four assignments of error, two of which merit discussion and relief.[3]  Appellant first alleges that the military judge erred by not dismissing Specification 2 of Additional Charge II (indecent acts) as multiplicious with Specification 5 of The Charge (indecent liberties with a child).  Appellant's second allegation is that his sentence was not properly reassessed after the convening authority disapproved a finding of guilty to the most egregious offense, Specification 3 of Additional Charge IV (assault with intent to commit rape).

## MULTIPLICITY

We review multiplicity claims de novo.  *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006).  We will find multiplicity if two specifications are facially duplicative.  *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004).  To determine whether specifications are duplicative, we review both the language of the specifications and the facts in the record.  *United States v. Heryford*, 52 MJ 265, 266 (C.A.A.F. 2000) (citations omitted).  Here, appellant was convicted in Specification 5 of The Charge of indecent liberties with a child, to wit:  between on or about 1 November 2008 and on or about 7 March 2010, on divers occasions, at or near Fort Bliss, Texas, taking indecent liberties in the physical presence of S.G., a child under 16 years of age, by masturbating in her presence, and by exposing S.G. to pornography with intent to gratify the sexual desire of the accused.  Appellant was also convicted in Specification 2 of Additional Charge II, of committing an indecent act, to wit:  between on or about 1 November 2008 and 7 March 2010, at or near Fort

---

(. . . continued)

of indecent language, in violation of Articles 128 and 134 UCMJ to which appellant pleaded not guilty were dismissed by the military judge.

[2] The convening authority dismissed this specification in his action upon advice from the staff judge advocate that this specification failed to state an offense pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

[3] We do not address appellant's other two assignments of error concerning an unreasonable multiplication of charges and ineffective assistance of counsel during presentencing because the relief we grant renders those issues moot.

Bliss, Texas, the accused did, wrongfully commit indecent conduct by exposing in an indecent manner his genitalia and ejaculating in the presence of S.G.[4]

We first note that the time periods for both offenses are identical and the indecent liberties specification also includes divers occasions. In addition, the evidence in the record from appellant's statement to CID was that every exposure of appellant's genitalia to S.G. was accompanied by masturbation and ejaculation. There is no further clarification from any other witness or evidence, including S.G.'s testimony, that appellant's exposures and ejaculations did not include masturbation in her presence. Given that the time periods in the specifications are identical, and our review of the evidence in the record, it is apparent that the same conduct is covered by both specifications. Moreover, the following colloquy from the record indicates that the government, at trial, agreed that the indecent act is included in the indecent liberties charge:

> MJ: Well, government these [specifications] cover the exact same time period. One is exposing her to pornography and masturbating and the other one is exposing himself and essentially masturbating, correct?
>
> ATC: Yes, Your Honor. It does cover the same time period.
>
> MJ: So the same time period in Specification 2 of [Additional] Charge II. Since it covers the conduct as Specification 5 of The Charge, in that it is – that would deal solely with masturbating and exposing oneself, which you would obviously factually have to do before masturbating.

---

[4] We disagree with the government's argument that appellant affirmatively waived this claim at trial. Appellant raised a multiplicity claim before entry of pleas, but the military judge deferred his ruling. As noted below, the military judge declared the offenses multiplicious for sentencing. We need not decide whether appellant preserved or forfeited his multiplicity claim because appellant's multiplicity claim warrants relief under the more stringent plain error review of whether the offenses are facially duplicative. *Cf. Heryford*, 52 M.J. at 266 ("An appellant may show plain error and overcome waiver by showing that the specifications are "'facially duplicative,' that is, factually the same.").

ATC:  That is correct, Your Honor.

After this colloquy, the military judge found the two specifications mulitplicious only for sentencing.  Based on the facts in the record, we find this to be error by the military judge because Specification 2 of Additional Charge II is facially duplicative with Specification 5 of The Charge.  Therefore the proper remedy is to dismiss the duplicative specification and we will take corrective action in our decretal paragraph.  Rule for Court-Martial 907(b)(3)(B).

## REASSESSMENT AT ACTION

In his addendum to the post-trial staff judge advocate recommendation, the staff judge advocate agreed with a defense counsel assertion of legal error that Specification 3 of Additional Charge IV (assault with intent to commit rape) failed to state an offense pursuant to *United States v. Fosler*.  As a result of the legal error, the staff judge advocate recommended that the convening authority disapprove the specification and reassess the sentence by approving only 9 years of the 10 year sentence to confinement.  The convening authority took action consistent with the staff judge advocate's recommendation in the addendum.  Citing *United States v. Reed*, 33 M.J. 98, 99-100 (C.M.A. 1990), appellant alleges on appeal that the convening authority's action needs to be set aside because the staff judge advocate failed to furnish the convening authority with any analytical method concerning how to adjust the sentence in light of the error.  In response, the government provided an after-the-fact affidavit from the staff judge advocate detailing the substance of the legal advice he provided the convening authority prior to his taking action.

Without resolving whether or not the staff judge advocate's affidavit establishes that the convening authority was properly advised on reassessment in accordance with *Reed*, we have serious doubts as to whether it was even possible at the time of the original action to reassess the sentence with the dismissal of Specification 3 of Additional Charge IV.  The full text of the dismissed offense read:

> In that Sergeant Timothy Garcia, U.S. Army, did, at or near Fort Bliss, Texas, on divers occasions, between on or about 1 November 2008 and 7 March 2010, with intent to commit rape, commit an assault upon S.G. by holding her down while he attempted to place his penis into S.G.'s vagina.

Clearly this was the gravamen offense for which appellant was sentenced by the panel as it was the only conviction involving a physical assault upon the child victim, and it included multiple instances.  Moreover, this offense had a significant impact on the sentencing landscape as it carried the greatest maximum sentence of

any of the offenses of which appellant was convicted. *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013). Although we would normally cure a defective post-trial staff judge advocate recommendation by sending it back for a new recommendation and action, we will not do so in this case. When we combine the above listed concerns for whether this case could be reassessed by the convening authority with our dismissal of the indecent acts offense in this decision, under the unique circumstances of this case, we are not "convinced that . . . [appellant's] sentence would have been at least of a certain magnitude." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

## CONCLUSION

On consideration of the entire record, including the assigned errors, and matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty of Specification 2 of Additional Charge II and Additional Charge II are set aside. Specification 2 of Additional Charge II and Additional Charge II are dismissed. We AFFIRM the remaining findings of guilty. After analyzing the totality of circumstances presented by appellant's case in accordance with the principles and factors articulated by our superior court in *Winckelmann*, we set aside the sentence. A rehearing on the sentence may be ordered by the same or a different convening authority, and appellant will be provided representation from a different military defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court