# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.J. BRUBAKER, P.D. LOCHNER**
**Appellate Military Judges**

### UNITED STATES OF AMERICA

v.

### MATTHEW S. HINDERS
### CORPORAL (E-4), U.S. MARINE CORPS

### NMCCA 201400274
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 25 March 2014.
**Military Judge**: LtCol C.J. Thielemann, USMC.
**Convening Authority**: Commanding General, 1st Marine Division (Rein), Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation**: Maj V.G. Laratta, USMC.
**For Appellant**: Maj Michael D. Berry, USMCR.
**For Appellee**: Mr. Brian K. Keller, Esq.

### 23 December 2014

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The appellant was sentenced to four months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Although not raised on appeal, we note an error in the record that requires corrective action. The two larceny specifications are multiplicious, requiring a consolidation of the specifications. Having considered our modified findings and the entire record of trial, we conclude that the consolidated findings are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant entered the barracks room of two fellow Marines, stealing several items of personal property belonging to Lance Corporal S and one item of personal property belonging to Private First Class S. The Government charged the larceny as thefts of personal property from the individual Marines in two separate specifications, although the theft took place at the same time and at the same location. Although neither party objected during the plea colloquy, after hearing sentencing arguments and closing for deliberation, the military judge returned and, *sua sponte*, raised the issue of multiplicity. Record at 90-91. Although finding that the theft was a single criminal act, the military judge did not consolidate the specifications, but merged them together "solely for sentencing purposes." *Id.* at 91.

## Discussion

When a larceny of several articles is committed at substantially the same time and place, it is a single larceny, even though the articles belong to different persons. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 46(c)(1)(i)(ii). The specifications, as alleged and pled to by the appellant, were multiplicious, as the larceny from the barracks room should properly have been charged as one offense, not two.

Absent plain error, a multiplicity claim is waived by an unconditional guilty plea, as was entered in this case. *United States v. Hudson*, 59 M.J. 357, 358-59 (C.A.A.F. 2004) (citing *United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000)).

Reviewing the matter for plain error and mindful of the Court of Appeals for the Armed Forces' holding in *United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (citing *Ball v. United States*, 470 U.S. 856 (1985)), we find there was error,

2

that it was plain and obvious, and that there was prejudice in the form of an additional convictions for larceny.

Pursuant to our authority under Article 66(c) UCMJ, we grant relief by consolidation of Specifications 1 and 2 under Charge I into a single specification as follows:

In that Corporal Matthew S. Hinders, U.S. Marine Corps, on active duty, did, at or near Marine Corps Base Camp Pendleton, California, on or about 21 July 2013, steal various items to include:

a. MacBook Pro Laptop
b. Playstation Portable Vita
c. Sentry Safe
d. 2006 One Dollar Coin Fine Silver
e. 1991 American Silver Eagle Dollar 1 oz. silver coin
f. 2002 American Silver Eagle Dollar 1 oz. silver coin
g. Silver Buillon Dollar
h. 1776-1976 Silver Dollar
i. 925 Italy Necklace
j. iPod charger
k. MacBook Pro Charger
l. Dark Knight Trilogy Box Set
m. Wahl Clippers and Case
n. Grappling Hook

of a value of more than $500.00, the property of Lance Corporal J.C.S. (items a-m) and Private First Class J.S.S. (item n), U.S. Marine Corps.

Since the specifications were merged for sentencing, a reassessment of the sentence is unnecessary.

## Conclusion

As modified herein, the findings and the approved sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3