# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――

**No. ACM 38923**

―――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Joshua D. HNATIUK**
Senior Airman (E-4), U.S. Air Force, *Appellant*

―――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 22 May 2017

―――――――――――

*Military Judge:* Lyndell M. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 32 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 21 August 2015 by GCM convened at Ellsworth Air Force Base, South Dakota.

*For Appellant:* Major Isaac C. Kennan, USAF; Captain Allen S. Abrams, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

―――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

―――――――――――

MINK, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas pursuant to a pretrial agreement (PTA), of conspir-

ing to wrongfully distribute marijuana, wrongfully distributing marijuana, and wrongfully possessing marijuana with the intent to distribute it, in violation of Articles 81 and 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a.[1] The adjudged and approved sentence was a bad-conduct discharge, confinement for 32 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[2]

Appellant raises two issues on appeal: (1) that the staff judge advocate's recommendation (SJAR) contained plain and prejudicial error by incorrectly stating the results of the court-martial, and (2) that the specification for possession with intent to distribute marijuana was unconstitutionally multiplicious where Appellant was also charged with distribution of that marijuana. Finding no relief is warranted, we affirm the findings and sentence as approved by the convening authority.

## I. BACKGROUND

Sometime around February 2014, Appellant and another Airman, Airman Basic (AB) SM, developed a plan to have marijuana shipped from California to South Dakota, where Appellant would then sell the marijuana to a civilian, Mr. JC. Appellant and AB SM financed their marijuana distribution scheme by combining their own money with money supplied by another Airman. The first shipment of approximately one pound of marijuana arrived in South Dakota on or about 14 March 2014. Appellant and AB SM then divided the marijuana into 16 one-ounce portions and sold them to Mr. JC. A second shipment of approximately one pound of marijuana arrived on or about 14 April 2014. Appellant and AB SM again divided the shipment into 16 one-ounce portions. AB SM, with Appellant's authorization, then distributed two of the one-ounce portions to Mr. JC. The additional amount of approximately 14 ounces of marijuana remained at Appellant's off-base residence where, pursuant to Appellant's grant of consent to search his residence, it was discovered by agents from the Air Force Office of Special Investigations (AFOSI) on 16 April 2014.

---

[1] In accordance with the pretrial agreement (PTA), a charge and specification alleging a violation of Article 134, UCMJ, 10 U.S.C. § 834, was withdrawn and dismissed with prejudice following Appellant's arraignment.

[2] The PTA between Appellant and the convening authority provided the latter would approve no confinement in excess of 33 months, but included no other limitations on the sentence that could be approved. Accordingly, the PTA had no impact on the convening authority's ability to approve the adjudged sentence.

## II. DISCUSSION

### A. Staff Judge Advocate's Recommendation (SJAR)

As a part of his PTA, Appellant agreed to plead guilty to conspiring with AB SM to engage in the wrongful distribution of marijuana. However, the Specification of Charge I, alleging the conspiracy, contained nine separate overt acts allegedly committed by Appellant in furtherance of the conspiracy. Under the terms of the PTA, Appellant agreed to plead guilty to the conspiracy offense in exchange for the convening authority "lining through" three of the nine alleged overt acts. The convening authority agreed to this provision in the PTA and Appellant pleaded guilty at the court-martial to this conspiracy offense, except for the language discussing three of the nine alleged overt acts, to which Appellant pleaded not guilty.

While discussing the terms of the PTA with Appellant and counsel during the court-martial, the military judge asked the assistant trial counsel if the language in the Specification of Charge I to which Appellant had pleaded not guilty was going to be withdrawn and dismissed. The assistant trial counsel acknowledged that it would be, and then made the changes to the charge sheet, which was then reviewed by the military judge. A short time later, immediately prior to announcing his findings, the military judge stated: "As we discussed previously, the language was excepted from the Specification of Charge I. That language has now been withdrawn and dismissed, so my announcement of findings won't exactly match the pleas that were entered with regard to the Specification of Charge I." The military judge then announced that Appellant was guilty of the Specification of Charge I and Charge I, without further addressing the excepted language.

Following the conclusion of Appellant's court-martial, the Report of Result of Trial (RRT) summarizing the charges, specifications, pleas, findings, and sentence was prepared. With respect to the Specification of Charge I, the RRT correctly stated that Appellant pleaded guilty except for the specified language pertaining to the three alleged overt acts and correctly identified the language of the specification to which Appellant pleaded not guilty. The RRT then stated the military judge found Appellant guilty of the Specification of Charge I, but omitted that the language of the Specification to which Appellant pleaded not guilty was withdrawn and dismissed prior to the announcement.

The convening authority's staff judge advocate (SJA) attached a copy of the RRT to his SJAR. The SJAR also discussed the provisions of the PTA and concluded by recommending the convening authority approve the sentence as adjudged. In his clemency request, neither Appellant nor his trial defense counsel asserted the SJAR or the attached RRT was erroneous in any way.

Consequently, the addendum to the SJAR also did not address any issue with respect to the language withdrawn and dismissed from the Specification of Charge I.

The convening authority concurred with the SJA's recommendation and approved the adjudged sentence.

Now on appeal, Appellant for the first time asserts that the RRT attached to the SJAR, and therefore the SJAR, erroneously reported that Appellant was found guilty of the Specification of Charge I, including the language to which Appellant pleaded not guilty. Appellant asks us to set aside the action taken by the convening authority and remand the case for new post-trial processing, beginning with the preparation of a new SJAR. We decline to do so.

The "proper completion of post-trial processing is a question of law, which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "If defense counsel does not make a timely comment on an omission [or error] in the [SJAR], the error is [forfeited] unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65).

The standard for meeting the test of prejudice is low, requiring only "some colorable showing of possible prejudice." *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

Because Appellant did not object to the SJAR, we review for plain error. Applying this standard, even were we to assume error, Appellant fails as he has not demonstrated a colorable showing of possible prejudice. The record of the court-martial proceedings and, perhaps more importantly, the PTA, which was signed by both the Appellant and the convening authority, made it clear that Appellant would plead not guilty to the language in the Specification of Charge I and it would be "lined through." This agreement was reinforced by the convening authority's action in disapproving the findings as to the Specification of Charge I regarding the language to which Appellant

pleaded not guilty. Any confusion that may have resulted from the announcement of findings by the military judge as to the Specification of Charge I, and what was stated on the RRT, was eliminated by the convening authority's specific action disapproving the finding as to the language to which Appellant pleaded not guilty.

## B. Multiplicity of Charges

Appellant next contends that the offenses of wrongful distribution of marijuana and wrongful possession of marijuana with intent to distribute are multiplicious and asks this court to dismiss the latter. Despite pleading guilty to both specifications alleging these two offenses during his court-martial and waiving "all waivable motions" pursuant to the PTA, Appellant argues that the two specifications are multiplicious since the charged timeframe for the possession with intent to distribute offense falls within the charged timeframe for the wrongful distribution offense. Appellant also argues that since the two offenses are "facially duplicative," his claim of unconstitutional multiplicity was not waived by his guilty plea. We disagree.

In *United States v. Heryford*, 52 M.J. 265 (C.A.A.F. 2000), our superior court addressed the analysis to be applied when a claim of multiplicity is raised in an unconditional guilty plea case:

> Ordinarily, an unconditional guilty plea waives a multiplicity issue. *United States v. Lloyd*, 46 M.J. 19, 23 ([C.A.A.F.] 1997). Furthermore, double jeopardy claims, including those founded in multiplicity, are waived by failure to make a timely motion to dismiss, unless they rise to the level of plain error. *United States v. Britton*, 47 M.J. 195, 198 ([C.A.A.F.] 1997).

> Appellant has the burden of persuading [the appellate court] that there was plain error. *United States v. Powell*, 49 M.J. 460, 464–65 ([C.A.A.F.] 1998). An appellant may show plain error and overcome waiver by showing that the specifications are "'facially duplicative,' that is, factually the same." *Britton*, [47 M.J.] at 198, quoting *Lloyd*, [46 M.J.] at 23. Whether the specifications are facially duplicative is determined by reviewing the language of the specifications and "facts apparent on the face of the record." *Lloyd*, [46 M.J.] at 24; *see also United States v. Harwood*, 46 M.J. 26, 28–29 ([C.A.A.F.] 1997).

*Heryford*, 52 M.J. at 266.

In this case, since Appellant raised no issue of multiplicity at trial and pleaded guilty unconditionally, he waived any claim of multiplicity. The specification for wrongful distribution of marijuana alleges the offense occurred "between on or about 1 February 2014 and on or about 16 April 2014,"

within the State of South Dakota. The specification for wrongful possession of marijuana with intent to distribute alleges the offense occurred "between on or about 14 April 2014 and on or about 16 April 2014," at or near Box Elder, South Dakota. Both the stipulation of fact and the guilty plea inquiry make it clear that Appellant distributed marijuana on divers occasions during the period between 1 February 2014 and 16 April 2014. The stipulation of fact and the guilty plea inquiry make it equally clear that between 14 April 2014 and 16 April 2014, Appellant possessed 14 ounces of marijuana in his off-base residence that he intended to distribute but did not do so prior to it being seized by AFOSI on 16 April 2014.

Based on the record, it is clear that Appellant committed two separate offenses at two separate times. Consequently, we hold that the two offenses are not facially duplicative and any issue of multiplicity was waived.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.[3]

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[3] Even though correctly stating the finding as to the Specification of Charge I as announced by the court-martial, we direct a corrected court-martial order reflecting that the language to which Appellant pleaded not guilty was withdrawn and dismissed after arraignment.