# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 MIKAEL E. GRULLON**
**United States Army, Appellant**

ARMY 20180647

Headquarters, 25th Infantry Division
Kenneth W. Shahan, Military Judge
Colonel Terri J. Erisman, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Major Patrick A. Crocker, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA (on brief).

30 June 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

On December 3, 2018, a military judge sitting as general court-martial convicted appellant, consistent with his pleas, of one specification of violating a lawful general regulation, two specifications of wrongful distribution of a controlled substance, two specifications of wrongful possession of a controlled substance, and one specification of wrongful use of a controlled substance, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 912a [UCMJ].[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for

------

[1] The military judge sua sponte dismissed one specification of wrongful possession of a controlled substance and one specification of wrongful introduction of a controlled substance onto a military installation. Additionally, the military judge granted a government motion, made pursuant to a pretrial agreement, to dismiss one specification of wrongful use of a controlled substance.

thirteen months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only six months of the sentence to confinement, and otherwise approved appellant's sentence as adjudged.

Relevant to this appeal, appellant agreed to plead guilty to Specification 2 of Charge I, wrongful distribution of Xanax, and Specification 3 of Charge I, wrongful possession with the intent to distribute Xanax. Each specification alleged that the offense took place "at or near Schofield Barracks, Hawaii, on or about 8 June 2018." During the providence inquiry into the possession with intent to distribute specification, appellant indicated that he possessed the Xanax over the course of two days and ultimately sold it on the second day, which was the date alleged in both specifications.

The military judge sua sponte inquired as to whether counsel believed the distribution specification coupled with the possession with intent to distribute specification created a multiplicity issue. After hearing from counsel, the military judge, in reliance on *United States v. Savage*, 50 M.J. 244 (C.A.A.F. 1999), resolved the issue by dismissing the "with the intent to distribute" language from Specification 3 of Charge I, thereby converting it to simple possession of Xanax. Although trial defense counsel advocated for dismissing the entire specification, he did not lodge any formal objection after the specification was amended. Appellant then proceeded with the remainder of the providence inquiry.

Following the providence inquiry, appellant expressly agreed to the maximum punishment for the remaining charges and specifications, which reflected the amendment to Specification 3 of Charge I. The military judge then went over each of the terms of appellant's pretrial agreement, including a lengthy discussion of the term in which appellant agreed to "waive all waivable motions." Appellant agreed that he understood all the terms of his pretrial agreement and expressed his desire to be bound by those terms. Finally, after one last consultation with his trial defense counsel, appellant indicated to the military judge that he still desired to plead guilty. The military judge then found appellant guilty of the remaining charges and specifications.

Appellant now alleges that the military judge erred by failing to dismiss Specification 3 of Charge I, in its entirety, because it is multiplicious with Specification 2 of Charge I, the specification alleging distribution of the same controlled substance. We disagree with appellant, and find appellant expressly waived any multiplicity issue.

## LAW AND DISCUSSION

An unconditional guilty plea typically forfeits any claims of multiplicity unless there is plain error. *United States v Lloyd*, 46 M.J. 19, 22 (C.A.A.F. 1997); *United States v. Heryford*, 52 M.J. 265, 266, (C.A.A.F. 2000); *see also United States v. Coleman*, 79 M.J. 100, 102 (C.A.A.F. 2019). In such cases, appellate courts determine plain error by analyzing whether the specifications in question are facially duplicative. *Id.* at 20; *United States v. St. John*, 72 M.J. 685, 687 (Army Ct. Crim. App. 2013). However, where an appellant pleads guilty and agrees to waive all waivable motions, multiplicity claims are expressly waived and thereby foreclosed from even plain error review. *See United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009).

In this case, after the military judge sua sponte addressed the multiplicity issue by amending Specification 3 of Charge I, appellant did not lodge an objection. To the contrary, he continued with his providence inquiry, ultimately agreeing to the maximum punishment calculated in light of the amended specification. Finally, after a thorough exchange with the military judge, appellant acknowledged that he understood and agreed to the provision in his pretrial agreement waiving all waivable motions. Under these circumstances, we find that appellant expressly waived any claim of multiplicity, and "a valid waiver leaves no error for us to correct on appeal." *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (citation omitted).[2]

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Chief Judge KRIMBILL and Judge WALKER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] We are cognizant that our Article 66(d), UCMJ, authority allows us to pierce a valid waiver and consider the merits of an otherwise waived legal issue. *See United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). However, we elect not to exercise that authority in this case.