# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, HAYES, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 MATTHEW P. WHITE**
**United States Army, Appellant**

ARMY 20210676

Headquarters, U.S. Army Intelligence Center of Excellence and Fort Huachuca
Michael E. Korte, Military Judge
Lieutenant Colonel Stephen E. Latino, Acting Staff Judge Advocate

For Appellant: Major Mitchell D. Herniak, JA; Captain Tumentugs D. Armstrong, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Captain Tumentugs D. Armstrong, JA (on reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Kalin P. Schlueter, JA; Captain Dominique L. Dove, JA (on brief).

28 February 2024

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAYES, Judge:

Appellant asserts two errors before this court, neither of which merit discussion nor relief.[1] We write to correct multiplicity in the offenses of which appellant stands convicted. We dismiss one multiplicious specification and reassess appellant's sentence in the decretal paragraph below.

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of conspiracy to obstruct justice, one specification each of wrongful introduction, wrongful possession, and wrongful distribution of lysergic acid diethylamide (LSD), and one specification of obstruction of justice, in violation of Articles 81, 112a, and 131b, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 912a, and 931b. The military judge also found appellant guilty, pursuant to his pleas, of one specification of conspiracy to wrongfully purchase, use, distribute, and introduce onto a military installation LSD and one specification each of wrongful use, distribution, possession, and introduction onto a military installation of LSD, in violation of Articles 81 and 112a, UCMJ. The military judge, sentenced appellant to a dishonorable discharge and a total of twenty-five months confinement.[2] The convening authority took no action on the findings or sentence in appellant's case.

Appellant's convictions for Specifications 2 and 3 of Charge III address the wrongful introduction onto Fort Huachuca and possession, respectively, of LSD on or about 19 April 2021. Similarly, appellant's convictions for Specifications 6, 7, 8, and 9 of Charge III address the wrongful use, distribution, possession, and introduction onto Fort Huachuca, respectively, of LSD between on or about 4 June 2021 and on or about 5 June 2021 [the June offenses]. At trial, appellant argued Specifications 2 and 3 of Charge III, and Specifications 6, 7, 8, and 9 of Charge III constituted an unreasonable multiplication of charges but did not allege multiplicity. The military judge ultimately sentenced appellant concurrently for three different "groups" of offenses. *See supra* note 2.

## LAW AND DISCUSSION

"[T]he general principle of criminal law [is] that an unconditional plea of guilty waives all nonjurisdictional defects. . ..." *United States v. Hardy*, 77 M.J. 438, 442 (C.A.A.F. 2018) (citations omitted). "Absent a timely motion, an unconditional guilty plea, such as [appellant's], waives a multiplicity claim absent plain error." *United States v. Hudson*, 59 M.J. 357, 358-59 (C.A.A.F. 2004) (citing *United States*

---

[2] The military judge divided appellant's sentence to confinement into three concurrent "groups." Concurrent Group 1: five months for The Specification of Charge II and five months for The Specification of Charge IV; Concurrent Group 2: three months for Specification 2 of Charge III, one month for Specification 3 of Charge III, and six months for Specification 5 of Charge III; Concurrent Group 3: three months for Specification 6 of Charge III, fourteen months for Specification 7 of Charge III, two months for Specification 8 of Charge III, ten months for Specification 9 of Charge III, and five months for The Specification of The Additional Charge.

*v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000)). Our superior court, however, "[t]o be sure, . . . [has] recognized some exceptions to this general principle about the effect of a guilty plea." *Hardy*, 77 M.J. at 442 (citing *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F 2004)) (holding a guilty plea does not waive a [constitutional] multiplicity issue when the offenses are facially duplicative).

To determine whether multiple convictions are multiplicious, we apply the "elements test". *See United States v. Teters*, 37 M.J. 370, 376 C.M.A. 1993). "Under the elements test, one compares the elements of each offense. If all of the elements of offense X are also elements of offense Y, then X is [a lesser included offense] of Y." *United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F. 2010).

To determine whether multiple offenses are "facially duplicative" we assess whether the offenses are factually the same, as "determined by reviewing the language of the specifications and facts apparent on the face of the record." *Heryford*, 52 M.J. at 266 (C.A.A.F. 2000) (citations omitted).

The June offenses to which appellant pled guilty cover appellant's introduction of an amount of LSD onto Fort Huachuca, as well as his possession of the same amount of LSD that he both personally used and distributed to other Soldiers, all while on Fort Huachuca. Specifically, appellant was convicted of possession, use, and distribution of the same LSD during the same time frame. Possession is a presidentially prescribed lesser included offense of both use and distribution. *See Manual for Courts-Martial, United States* (2019 ed.) [MCM] App. 12A at A12A-5. Both use and distribution require appellant to actually or constructively possess the substance used or distributed. Therefore, the possession of LSD alleged in Specification 8 of Charge III, to which appellant pled and of which he was found guilty, was multiplicious with the use and distribution of LSD alleged in Specifications 6 and 7 of Charge III. Our plain error analysis requires us to determine whether the specifications are also facially duplicative.

After a close review of the record, we find in this case that the June 2021 possession of LSD in Specification 8 of Charge III is not only predicated on the same criminal conduct as the wrongful use and distribution of LSD in Specifications 6 and 7 of Charge III, but is also facially duplicative. There is nothing in the language of the specifications or the facts apparent on the face of the record that suggests any factual distinction between the LSD that was used and distributed from the LSD that was possessed. To the contrary, the record is clear it was the same LSD, and the possession was concurrent with the use and distribution. Having found the possession specification "facially duplicative" of those June offenses, it would be plain error not to dismiss them. *Heryford*, 52 M.J. at 266-67; *United States v. Lloyd*, 46 M.J. 19 (C.A.A.F. 1997) (holding constitutionally multiplicious offenses are reviewed under the doctrine of plain error.) This error prejudiced appellant's

substantial right where appellant received multiple convictions for the same act or course of conduct, which subjected him to additional punitive exposure.

## CONCLUSION

On consideration of the entire record, the finding of guilty for Specification 8 of Charge III is SET ASIDE and DISMISSED with prejudice. The remaining findings of guilty and the sentence are AFFIRMED.[3]

Senior Judge FLEMING and Judge POND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[3] We assess appellant's sentence in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Based on our experience as judges on this court, and with the aid of a confinement sentence segmented by the military judge for each specification as well as the concurrent sentence appellant received for the remaining offenses in the concurrent group, we are confident the dismissal of one specification would have no impact on appellant's sentence to 25 months of confinement as the dismissal does not change the overall sentence for the concurrent group. Given the dismissed specification is a lesser included offense of the offenses for which appellant remains convicted, we are confident the military judge would have imposed a dishonorable discharge absent the error.